IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                            ORDER

    v.                                    08-cr-145-bbc-1

JOHN KOWAL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of John Kowal's supervised release was held on February 6, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney David J. Reinhard. Defendant was present in person and by counsel Erika Bierma. Also present was U.S. Probation Officer Nicholas A. Tuma.

From the record and the parties' stipulation I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on April 15, 2009, following his conviction for bank robbery, a violation of 18 U.S.C. § 2113(a) and a Class C felony. He was committed to the custody of the Bureau of Prisons for a term of 78

1

months' imprisonment, with a three-year term of supervised release to follow.

Defendant began his term of supervised release on July 3, 2014. On July 19, 2014, less than one month after beginning his term of supervised release, he violated the mandatory condition of supervised release prohibiting him from committing another federal, state or local crime when he was arrested for driving while intoxicated, first offense. He was fined and lost his license for a period of time.

Defendant violated the mandatory condition of his supervised release requiring him to make nominal payments of $200 a month toward his court-ordered obligations. Since his release from custody, he has paid only $1050 toward restitution, leaving an outstanding restitution balance of more than $14,000.

Defendant violated Special Condition No. 7 of his conditions of supervised release requiring him to abstain from the use of alcohol and illegal drugs when he drank alcoholic beverages on November 7, 2014. He tested positive for alcohol use the next day and admitted his drinking on the previous night. On December 27 and December 30, 2014; and on January 1, January 11 and January 23, 2015, defendant submitted breath samples that tested positive for alcohol. In addition, defendant failed to provide breath samples as required on December 27, 2014; and on January 1, 2, 4, 5, 8, 11, 15, 16, 17, 23, 24 and 25, 2015.

Defendant violated Standard Condition No. 3 of his conditions of supervised release requiring him to follow the instructions of the probation officer, when on

2

December 26, 2014, and twice on December 27, 2014, he tampered with the SOBERLINK breath testing device by using an alternate air source during testing.

Under U.S.S.G. § 7B1.1(a)(3), defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that upon a finding of a Grade C violation the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

## CONCLUSIONS

Ordinarily, defendant's violations would warrant revocation. However, I am choosing not to revoke his term of supervised release at this time, in light of his work history and his apparent commitment to get serious about his alcohol addiction.

Defenis criminal history category is I. With a Grade C violation, he would have an advisory guideline range of imprisonment of three to nine months. Under 18 U.S.C. § 3583(e)(e), the statutory maximum to which he can be sentenced upon revocation is two years because the offense of conviction is a Class C felony. 18 U.S.C. 3583(h) authorizes another term of supervised release to follow imprisonment. At this time, placement in a residential reentry center and participation in substance abuse treatment will be sufficient to address defendant's recent non-compliance.

## ORDER

3

IT IS ORDERED that the period of supervised release imposed on defendant on April 15, 2009, is CONTINUED. All standard and special conditions of supervised release previously imposed shall remain in effect. Defendant's conditions of supervised release shall be modified on the basis of his personal history as well as the nature of his recdent non-compliance, as follows:

Special Condition No. 8: Defendant is to spend 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Special Condition No. 9: Not enter any establishment whose primary business is the sale of alcoholic beverages.

Entered this 9th day of February 2015.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

4