IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

       v.                                                  08-cr-145-bbc-1

JOHN KOWAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     A hearing on the probation office's petition for judicial review of John Kowal's supervised release was held on June 23, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney David J. Reinhard. Defendant was present in person and by counsel, Erika Bierma. Also present was U.S. Probation Officer Nicholas A. Tuma.

     From the record and the parties' stipulation, I make the following findings of fact.

FACTS

     Defendant was sentenced in the Western District of Wisconsin on April 15, 2009, following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony. He was committed to the custody of the Bureau of Prisons for a term of 78 months'

1

imprisonment, to be followed by a three-year term of supervised release.

Defendant began his term of supervised release on July 3, 2014. Sometime on or before May 2, 2015, defendant violated Special Condition No. 7 of his supervised release, requiring him to abstain from the use of alcohol, as shown by the positive breath test administered to him at the Schwert AODA Treatment Center on May 2, 2015, and his admission to staff that he had consumed alcohol.

Defendant violated Special Condition No. 8 of his supervised release, requiring him to spend 120 days in a residential reentry center, when he absconded from the Schwert AODA Treatment Center on April 18, 2015 and reported back there on April 19, 2015 under the influence of alcohol. On May 4, 2015, the probation office was notified by the Schwert AODA Treatment Center that defendant had been discharged from the facility for violating program rules.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's criminal history category is I. With Grade C violations, defendant has an advisory guideline range of imprisonment of three to nine months. The statutory maximum to which he could be sentenced upon revocation is two years under U.S.C. § 3583(e)(3), because his original conviction was for a Class C felony. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if the term of supervised release is revoked.

Although defendant's violations may warrant revocation, I am persuaded that placement in a work release program will be sufficient to address defendant's recent non-compliance.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 15, 2009 and re-imposed on February 9, 2015 is CONTINUED. All standard and special conditions of supervised release previously imposed shall remain in effect, with the exception of Special Condition No. 8, which required placement in a residential reentry center.

Defendant's conditions of supervised release shall be modified as follows in light of his personal history, as well as the nature of his recent non-compliance, both of which demonstrate the need for corrective and rehabilitative programming:

> Special Condition No. 10: Defendant is to spend 24 days in the Rock County, Wisconsin, Jail's Confined Treatment Alternative Program, as approved by the supervising U.S. probation officer. Defendant is to pay his own medical expenses, if any. Defendant's participation in the program is to begin on Friday, June 26, 2015, at 6:00 p.m. after work, when he is to report to the jail. Defendant's participation in the program shall end on Monday, July 20, 2015, at 6:00 a.m. Defendant's reporting schedule shall be coordinated between U.S. Probation Office and Rock County Jail staff; however, he shall be permitted leave

for work and substance abuse treatment purposes.

Entered this 23d day of June, 2015.

                                    BY THE COURT:
                                    /s/

                                    BARBARA B. CRABB
                                    District Judge